IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD BOWER                                                                                        PLAINTIFF

      v.                            Civil No.  12-5058

CIRCUIT JUDGE JOHN PUTMAN;
PROSECUTING ATTORNEY RON
KINCADE; SHERIFF JOHN
MONTGOMERY; and BRAD LEWIS,
Deputy Sheriff                                                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff, Richard Bower, is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC).

      The case is before me on the Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) and for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

      **1.  Background**

      According to the allegations of the complaint, Plaintiff was arrested on November 18, 2008, and charged with robbery.  Both money and various items of personal property were seized from the Plaintiff by the Baxter County Sheriff's Office.

      Following his conviction and transfer to the ADC, in  August of 2009, Plaintiff filed a motion for return of seized property in the Circuit Court of Baxter County asking that $966.67 and other property be returned to him.  He heard nothing from the trial court and therefore filed

a motion with the Arkansas Court of Appeals. Before the Court of Appeals took any action on his motion, the trial court scheduled a hearing.

A hearing was held by Judge Putman on July 14, 2011, and Sheriff Montgomery was ordered to return certain specified property. The order further provided that the Sheriff's Department could continue to hold for evidentiary purposes a pickup truck, laptop computer, and any DVDs or CDs, so long as there remained litigation regarding the case.

On September 11, 2011, Plaintiff indicates some of the property was returned. Plaintiff then filed a motion asking for the remaining property to be returned. When no action was taken on the motion, Plaintiff filed a motion for a writ of execution against the Sheriff and also asked that he be held in contempt.

On October 26, 2011, Judge Putman sent a letter to Deputy Prosecuting Attorneys Chism and Carter asking that they check into the matter and "unless there is good reason not to" that they arrange for the items to be returned to Plaintiff's son. When no action was taken, Plaintiff filed a writ of mandamus with the Court of Appeals. Before the Court of Appeals took any action, a hearing was scheduled by Judge Putman.

The hearing was held in January 19, 2012. Judge Putman examined all items being held by the Baxter County Sheriff's Office, and ordered the return of property listed in the order. With respect to the laptop computer, the Sheriff's Office represented the computer was in the possession of another law enforcement agency. The Court ordered the Sheriff's Office to do whatever was necessary to obtain the computer and return it to Plaintiff.

On March 9, 2012, Plaintiff states all his property was returned except his passports, DVD/VHS player/recorder and a calculator.[1] Given the amount of delay and the failure of Sheriff Montgomery to return all property, Plaintiff filed this action.

As relief, he asks that Judge Putman be ordered to enforce his order and return all property held. He asks that Prosecuting Attorney Ron Kincade be ordered to return all property held. Finally, he seeks compensatory and punitive damages from Sheriff Montgomery and Deputy Lewis.

**2. Discussion**

In reviewing an IFP application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, if so, to dismiss the complaint. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.); see also 28 U.S.C. § 1915(e)(2)(B)(I-iii).

In his IFP application, Plaintiff indicates he has no source of income and no assets. The records from the detention facility show his monthly balance averaged twenty-two dollars and fifty cents. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status.

---

[1] Attachments to the complaint indicate a Sony DVD player and two passports were returned to Plaintiff's son.

AO72A (Rev. 8/82)

I turn to an examination of the claims asserted by Plaintiff. First, his claim against Judge Putman is subject to dismissal. Judge Putman is immune from suit under § 1983. Mireles v. Waco, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); see also Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

With respect to any claims for injunctive relief, §1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that either of these prerequisites for injunctive relief are met. See e.g., Azubuko v. Royal, 443 F.3d 302, 304 (3rd Cir. 2006); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief). Thus, to the extent Plaintiff seeks injunctive relief against Judge Putman, his claims are subject to dismissal.

Second, the prosecuting attorney, Ron Kincade, is immune from suit. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a

prosecution and in presenting the State's case." Id., 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, see Pulliam v. Allen, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here.

Third, Plaintiff contends Sheriff Montgomery and Deputy Lewis unlawfully deprived him of his personal property. The Supreme Court has held that neither negligent nor intentional conduct is insufficient to state a cause of action under 42 U.S.C. § 1983 so long as an adequate post deprivation remedy exists. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Sellers by and through Sellers v. Baer, 28 F.3d 895, 902-03 (8th Cir.1994)(Inadvertence, negligence, or even gross negligence is insufficient to state a claim under § 1983). Arkansas recognizes a cause of action for conversion, Elliot v. Hurst, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). As conversion is an intentional tort, Ford Motor Credit Co. v. Herring, 267 Ark. 201, 589 S.W.2d 584 (1979), the statutory immunity granted to local governments and extended to their employees does not apply. See Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431

(1989). Plaintiff therefore has an adequate post-deprivation remedy that satisfies Due Process. This claim fails.

### 3. Conclusion

Accordingly, I recommend that Plaintiff's motion to proceed IFP (Doc. 1) be denied and the case dismissed. 28 U.S.C. § 1915(e)(2)(B)(i-iii). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of June 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE